UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EILEEN RAPOSA, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>VOLKSWAGEN GROUP OF AMERICA, INC., *et al.,*<br><br>    Defendants. | Case No. 22-cv-05896-ES-ESK<br><br>Motion Date: August 21, 2023 |
| MICHAEL RAFFO, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>VOLKSWAGEN GROUP OF AMERICA, INC., *et al.*,<br><br>    Defendants. | Case No. 22-cv-06230-ES-ESK |

**DEFENDANT VOLKSWAGEN GROUP OF AMERICA, INC.'S
REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS
PLAINTIFFS' SUPPLEMENTAL AMENDED CONSOLIDATED CLASS
<u>ACTION COMPLAINT</u>**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................... ii

I.    THE NJCFA CLAIM SHOULD BE DISMISSED ...........................................1

    A.    The NJCFA Does Not Apply to Transactions Outside New Jersey ........1

    B.    Even If She Has a Viable Claim, Kelley Can Represent A Putative Class

        Only of VW Owners, Not Audi Owners ................................4

    C.    The Amended Complaint is Insufficiently Pleaded Under the

        Rule 9(B) Standard ....................................................5

    D.    The Complaint Does Not Sufficiently Plead Unconscionable

        Commercial Practices To Satisfy The Unlawful Conduct Prong ...........7

    E.    VWGoA Did Not Have a Duty to Disclose ...............................8

    F.    The Complaint Does Not Sufficiently Plead Ascertainable Loss ...........9

    G.    The Complaint Does Not Adequately Plead Causation ......................10

II.   THE NYGBL CLAIMS SHOULD BE DISMISSED ......................................11

III.  THE KCPA CLAIM SHOULD BE DISMISSED ..........................................13

IV.   THE WARRANTY CLAIMS SHOULD ALL BE DISMISSED ...................13

V.    THE UNJUST ENRICHMENT CLAIM SHOULD BE DISMISSED ...........15

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Alitsource S.A.R.L. v. Szumanski*,
   No. 21-cv-3293, 2022 WL 909872 (D.N.J. Mar. 29, 2022) .........................1, 5, 6

*Coba v. Ford Motor Co.*,
   932 F.3d 114 (3d Cir. 2019) ...........................................................................16

*Coba v. Ford Motor Co.*,
   No. 12-cv-1622, 2013 WL 244687 (D.N.J. Jan. 22, 2013) ..................................9

*Cox v. Sears Roebuck & Co.*,
   647 A.2d 454 (N.J. 1994) ...............................................................................8

*Dewey v. Volkswagen AG*,
   558 F. Supp. 2d 505 (D.N.J. 2008) ..................................................................8

*Eidelman v. Sun Prods. Corp.*,
   No. 21-1046-cv, 2022 WL 1929250 (2d Cir. June 6, 2022) .............................12

*Feldman v. Mercedes-Benz USA, LLC*,
   No. 2:11-cv-984, 2012 WL 6596830 (D.N.J. Dec. 18, 2012) .................2, 3, 4, 9

*Glass v. BMW of N. Am., LLC*,
   No. 10-cv-5259, 2011 WL 6887721 (D.N.J. Dec. 29, 2011) ........................6, 10

*Hurst v. BMW of N. Am., LLC*,
   No. 22-cv-3928, 2023 WL 4760442 (D.N.J. July 26, 2023) .............................13

*Int'l Union of Operating Eng'rs Local #68 Welfare Fund v. Merck & Co., Inc.*,
   894 A.2d 1136 (N.J. App. Div. 2006), *rev'd*, 929 A.2d 1076 (N.J. 2007) (*per curiam*).............................................................................2, 3

*Jefferson Loan Co. v. Session*,
   938 A.2d 169 (N.J. App. Div. 2008) ................................................................8

*Majdipour v. Jaguar Land Rover N. Am., LLC*,
   No. 2:12-cv-7849, 2013 WL 5574626 (D.N.J. Oct. 9, 2013)..........................2, 9

*Maniscalco v. Brother Int'l (USA) Corp.*,
709 F.3d 202 (3d Cir. 2013) ...............................................................................3

*McGuire v. BMW of N. Am., LLC*,
No. 13-cv-7356, 2014 WL 2566132 (D.N.J. June 6, 2014) ................................4

*Mladenov v. Wegmans Food Markets, Inc.*,
124 F. Supp. 3d 360 (D.N.J. 2015) ..................................................................10

*Montich v. Miele USA, Inc.*,
849 F. Supp. 2d 439 (D.N.J. 2012) ....................................................................3

*In re MyFord Touch Consumer Litig.*,
46 F. Supp. 3d 936 (N.D. Cal. 2014) .................................................................9

*Ponzio v. Mercedes-Benz USA, LLC*,
447 F. Supp. 3d 194 (D.N.J. 2020) .....................................................................4

*Servedio v. State Farm Ins. Co.*,
889 F. Supp. 2d 450 (E.D.N.Y. 2012) ..............................................................12

*Smith v. CitiMortgage, Inc.*,
No. 15-cv-7629, 2015 WL 12734793 (D.N.J. Dec. 22, 2015) ..........................15

*Stevenson v. Mazda Motor of Am., Inc.*,
No. 14-cv-5250, 2015 WL 3487756 (D.N.J. June 2, 2015) ................................6

*Varacallo v. Mass. Mut. Life Ins. Co.*,
752 A.2d 807 (N.J. App. Div. 2000) ...........................................................10, 11

*Weske v. Sansung Elecs., Am., Inc.*, 42 F. Supp. 3d 599 (D.N.J. 2014) ...................6

The arguments in Plaintiffs' Memorandum in Opposition ("Opp.") (ECF No. 35) to Defendant's Motion to Dismiss demonstrate that Plaintiffs are defending a different complaint from the one they filed. When they respond at all to the points raised in Volkswagen Group of America, Inc.'s ("VWGoA") supporting memorandum ("Mem.") (ECF No. 23-2) – and many arguments are unrefuted and thus conceded[1] – they glide past the many deficiencies in the Amended Complaint and ignore or fail to distinguish the precedent that fails to support their positions. Although Plaintiffs have agreed to dismissal of certain unfounded claims, including all claims of Plaintiff Valerie Lane,[2] VWGoA's Motion is equally well-founded as to the claims and Plaintiffs who remain, and should be granted.

## I.  THE NJCFA CLAIM SHOULD BE DISMISSED.

### A.    The NJCFA Does Not Apply to Transactions Outside New Jersey.

The NJCFA claim cannot be asserted by anyone who did not purchase their vehicle in New Jersey, and thus cannot be applied to a proposed nationwide class.

---

[1] *See, e.g.*, *Alitsource S.A.R.L. v. Szumanski*, No. 21-cv-3293, 2022 WL 909872, at *12 (D.N.J. Mar. 29, 2022) ("Where an issue of fact or law is raised in an opening brief, but it is uncontested in the opposition brief, the issue is considered waived or abandoned by the non-movant.").

[2] Plaintiffs agree to dismissal of the following claims: Hornback's implied warranty claim under Kentucky law; the Magnuson-Moss Warranty Act claim on a class basis; and Kelley's and Hornback's unjust enrichment claims under New Jersey and Kentucky law, respectively. (Opp. 1, 23.) In addition, Plaintiff agrees to dismissal of Valerie Lane's claims "without prejudice to the owner" (her husband). (*Id*. at 1.)

1

Plaintiffs confusingly – and mistakenly – contend that VWGoA did not identify any conflict between New Jersey's NJCFA and other states' laws and chose to cite New Jersey cases, showing that New Jersey law should apply to a putative nationwide class. (Opp. 8.) However, VWGoA *did* identify a conflict between the NJCFA and the consumer fraud statutes of other states, as demonstrated by the supporting case law, including cases cited by Plaintiffs. (Mem. 9.)[3]

Plaintiffs also rely on the overturned appellate division opinion in *Int'l Union of Operating Eng'rs Local #68 Welfare Fund v. Merck & Co., Inc.,* 894 A.2d 1136 (N.J. App. Div. 2006), *rev'd*, 929 A.2d 1076 (N.J. 2007) (*per curiam*), for the broad proposition that "consumers can sue under the NJCFA for transactions occurring in other states, so long as the defendant is a business headquartered or based in New Jersey." (Opp. 10.) This is a misreading of *Merck*, which did not make this broad proclamation. Rather, the appellate division conducted the most significant relationship analysis, basing its conclusion that New Jersey law could apply nationwide on the "extensive and weighty" nature of New Jersey's contacts with that dispute, including not just Merck's incorporation and headquarters in the state, but

---

[3] *See Majdipour v. Jaguar Land Rover N. Am., LLC*, No. 2:12-cv-7849, 2013 WL 5574626, at *7 (D.N.J. Oct. 9, 2013) (finding the NJCFA and California's consumer protection statutes "clearly conflict"); *Feldman v. Mercedes-Benz USA, LLC*, No. 2:11-cv-984, 2012 WL 6596830, at *6 (D.N.J. Dec. 18, 2012) (same).

also various activities involving the development, post-market studies, and marketing of the product. *Id.* at 1146, 1148–49.

Despite these contacts, the New Jersey Supreme Court still overturned the appellate division opinion certifying the class, and while it did not reach the holding that the NJCFA could be applied nationwide, it strongly signaled its disagreement with the appellate division's conclusion in that regard. *Merck*, 929 A.2d at 1086 n.3 (noting that defendant "advance[d] strong arguments" regarding the "Appellate Division's choice of law analysis"); *see also Maniscalco v. Brother Int'l (USA) Corp.*, 709 F.3d 202, 208–09 (3d Cir. 2013) (citing the New Jersey Supreme Court's ruling in *Merck* as counseling against application of the NJCFA nationwide). In short, the appellate division opinion in *Merck* does not support Plaintiffs' misplaced argument that the NJCFA can apply to a nationwide class based solely on Defendant's incorporation in New Jersey.

Other courts have routinely found that even being headquartered in New Jersey is not sufficient to apply the NJCFA to out-of-state consumers. *See, e.g.*, *Feldman*, 2012 WL 6596830, at *6–7 (recognizing the "long line of cases in this Circuit holding that a consumer's home state law should apply to transactions that bear no relationship to New Jersey other than the location of the defendant's headquarters" (internal quotation omitted)); *Montich v. Miele USA, Inc.*, 849 F. Supp. 2d 439, 449 (D.N.J. 2012) ("A majority of courts in this District have held

that the mere fact that a company is headquartered in New Jersey or that unlawful conduct emanated from New Jersey will not supersede the numerous contacts with the consumer's home state for purposes of determining which state has the most significant relationship under Restatement § 148(2).") (collecting cases).[4]

Accordingly, the Court should find that the NJCFA only applies to New Jersey transactions, and thus cannot be applied to any named Plaintiff other than Kelley (if she purchased her vehicle in New Jersey, which is not alleged), who has standing only to represent a New Jersey class, not a nationwide class.

### B. Even if She Has a Viable Claim, Kelley Can Represent a Putative Class Only of VW Owners, Not Audi Owners.

It is axiomatic that the named plaintiff in a class action must have standing to assert a claim on behalf of the unnamed class members; otherwise, the claim should be dismissed. *See, e.g.*, *Ponzio v. Mercedes-Benz USA, LLC*, 447 F. Supp. 3d 194, 223 (D.N.J. 2020); *McGuire v. BMW of N. Am.*, LLC., No. 13-cv-7356, 2014 WL 2566132, at *5–7 (D.N.J. June 6, 2014). Here, the Amended Complaint consolidates for pretrial handling the claims of Audi owner Raposa and the case brought by Raffo and other VW owners, and differentiates between the connected services in Audi vehicles and VW vehicles. (*Compare* Am. Compl. ¶¶ 54–56, 58, *with id.* ¶¶ 57, 59.)

---

[4] Moreover, the Court need not wait to make this determination. *See, e.g.*, *Feldman*, 2012 WL 6596830, at *5 ("[C]ourts, including the' Third Circuit, frequently determine that choice of law analysis in a putative class action can be done at the motion to dismiss stage") (collecting cases)).

VWGoA highlighted these differences in arguing against Kelley's standing to represent purchasers of Audi vehicles. (Mem. 10–11.) Plaintiff does not refute this position, thereby conceding it. *Alitsource*, 2022 WL 909872, at *12. Accordingly, Kelley can only represent, at most, a putative class of VW owners.[5]

### C.  The Amended Complaint is Insufficiently Pleaded Under the Rule 9(b) Standard.

In an effort to avoid dismissal based on the failure to meet Rule 9(b)'s requirements, Plaintiffs attempt to recast the Amended Complaint as predicated only on a failure to disclose the limited-time availability of Car-Net and Audi connect, which they claim was within VWGoA's exclusive knowledge and was withheld from the public as a cost-cutting profit motive. (Opp. 9, 14.) Accordingly, Plaintiffs contend that they need only meet the more "relaxed" standard for claims based on alleged fraudulent omissions. (*Id.* at 9–10.)

The Amended Complaint, however, is not limited to such allegations. Rather, as VWGoA has made clear, it alleges both affirmative misrepresentations (such as that Car-Net would be permanent or available for the life of the vehicles) and

---

[5] Plaintiffs also misinterpret VWGoA's argument as to whether the owner of a 2015 Volkswagen Beetle can represent purchasers of other Volkswagen vehicles, relying on a case involving a motion to strike class allegations. (Opp. 11.) No such motion has been made here. At present, VWGoA only challenges Kelley's standing as to the putative class of Audi vehicles, but it reserves the right later to challenge her standing to represent owners of Volkswagen vehicles other than the one she purchased. (Mem. 10–11 & n.7.)

omissions (*e.g.*, that VWGoA knew that 3G would sunset, at which time the telematics in VW and Audi vehicles would cease operating). (Mem. 12.) Plaintiffs attempt to avoid dismissal by cherry-picking allegations out of context and ignoring what was actually pled.

Regardless, the Amended Complaint as pled is insufficient under either standard. For affirmative misrepresentations, the Complaint must identify the "who, what, when, where, and how elements." *Weske v. Samsung Elecs., Am., Inc.*, 42 F. Supp. 3d 599, 607 (D.N.J. 2014). No such allegations are present here, requiring dismissal. (Mem. 12–13). *See also, e.g.*, *Stevenson v. Mazda Motor of Am., Inc.*, No. 14-cv-5250, 2015 WL 3487756, at *7–8 (D.N.J. June 2, 2015).

For omissions, "the plaintiff must show that the defendant acted with knowledge, and intent is an element of the fraud." *Glass v. BMW of N. Am., LLC*, No. 10-cv-5259, 2011 WL 6887721, at *5 (D.N.J. Dec. 29, 2011) (quotation omitted). Here, there are no allegations that when Kelley, the only New Jersey plaintiff, bought her 2015 Beetle, VWGoA knew for certain when or if the 3G network would be sunsetted by telecommunications providers. The Amended Complaint itself alleges the sunset was not announced by AT&T until 2019—years after Kelley bought her car and after her New Vehicle Limited Warranty expired.[6]

---

[6] Plaintiff does not acknowledge VWGoA's argument that the manifestation of an alleged defect *after* the express warranty period cannot support an NJCFA claim, thereby conceding it. (Mem. 15–16); *Alitsource*, 2022 WL 909872, at *12.

(Am. Compl. ¶ 52; *also* Opp. 5.) Nor does the Amended Complaint plausibly allege that knowledge of a potential sunset was exclusive to VWGoA; indeed, with its extensive discussion of the publicly available knowledge that 3G might someday be sunsetted, the Amended Complaint alleges exactly the opposite. (Mem. 14–15; Am. Comp. ¶¶ 30-40.)

### D.     The Complaint Does Not Sufficiently Plead Unconscionable Commercial Practices to Satisfy the Unlawful Conduct Prong.

As to the specific elements of an NJCFA claim, Plaintiffs argue that, notwithstanding other deficiencies, they can nevertheless allege "unconscionable commercial practices" as a stand-alone violation. (Opp. 12–14.) Once again, Plaintiffs argue based on a complaint different from the one they filed. To the extent the Amended Complaint addresses unconscionability at all, it is primarily in the context of arguing that the New Vehicle Limited Warranty is unconscionable. (Am. Compl. ¶¶ 78 & n.1, 80, 81, 83.) The few references to "unconscionable commercial practices" are in passing and wholly conclusory. (*Id.* ¶ 82, 85, 91.) Conclusory allegations are insufficient to meet the federal pleading standard.

Even if allegations of unconscionable commercial practices can serve as the unlawful conduct necessary under the first prong of an NJCFA claim if properly pleaded, Plaintiff relies on a purported liberal pleading requirement in asking the Court to overlook the deficiencies of this particular complaint. (Opp. 14.) That is not enough. Among other things, Plaintiff ignores that such allegations must do more

7

than allege a breach; rather, there must be "substantial aggravating circumstances . . . in addition to the breach" to sufficiently plead this element of an NJCFA claim based on an unconscionable commercial practice. *Dewey v. Volkswagen AG*, 558 F. Supp. 2d 505, 525 (D.N.J. 2008); *see also Cox v. Sears Roebuck & Co.*, 647 A.2d 454, 462 (N.J. 1994). Here, there are no such allegations.[7] Thus, the Amended Complaint does not adequately plead unconscionable commercial practices on any basis, much less stand-alone. (Mem. 11–18.)

### E.   VWGoA Did Not Have a Duty to Disclose.

The opposition fails to address VWGoA's well-supported argument that there is no relationship between it and Kelley, the only New Jersey Plaintiff, that would give rise to a duty to disclose under the NJCFA. (Mem. 16–18.) Moreover, any amendment would be futile, as no such relationship could possibly exist here.

Plaintiffs erroneously rely on three cases involving California consumer fraud statutes for the proposition that allegations of exclusive knowledge and omission of

---

[7] To the extent Plaintiffs allege that "subsequent performance" can be the basis for an unconscionable commercial practice, that too fails. (Opp. 14.) *Jefferson Loan Co. v. Session*, 938 A.2d 169, 172, 176–78 (N.J. App. Div. 2008), is factually distinguishable, in that the alleged misconduct concerned a financing company repossessing a vehicle pursuant to an RISC purchased from a dealership, as well as its attendant conduct in the litigation. Moreover, there are no allegations in the Amended Complaint related to VWGoA's "subsequent performance"; rather, everything is tied to alleged issues with respect to the vehicle purchase itself.

8

a material fact give rise to a duty to disclose. (Opp. 15.)[8] Plaintiffs also misunderstand and misstate the decision in *Coba v. Ford Motor Co.*, No. 12-cv-1622, 2013 WL 244687 (D.N.J. Jan. 22, 2013). (Opp. 15–16.) There, Ford argued that the express warranty by its terms "acknowledge[d] the possibility of defects in the vehicle" and thus it had no duty to disclose the specific defect at issue, a contention the court rejected. *Id.*, 2013 WL 244687, at *9. Here in contrast, VWGoA expressly informed consumers that the availability of Car-Net depended on continued operation of the carrier's 3G network, which it did not control. (Mem. 13 n.8.) This, of course, is the exact disclosure that Plaintiffs claim was not given and should have been, showing that the claim has no merit even if a duty to disclose existed.

## F. The Complaint Does Not Sufficiently Plead Ascertainable Loss.

Plaintiffs do not address any of VWGoA's arguments; rather, they merely restate the standard for ascertainable loss under the NJCFA and contend the Complaint is sufficient because it "alleges loss of value, premium pricing of the cars, costs to require or replace the telematics." (Opp. 16.)

But such allegations are insufficient to survive VWGoA's motion. Only the benefit-of-the-bargain theory applies to the allegations here. (Mem. 18–19.) Yet

---

[8] *In re MyFord Touch Consumer Litig.*, 46 F. Supp. 3d 936, 960 (N.D. Cal. 2014); *Majdipour*, 2013 WL 5574626, at *7, *16–17; *Feldman*, 2012 WL 6596830, at *5, *11–12.

9

nowhere does the Amended Complaint address, let alone sufficiently plead, elements that other courts have found adequate to plead ascertainable loss under this theory. (*Id.* at 19–20); s*ee also Mladenov v. Wegmans Food Markets, Inc.*, 124 F. Supp. 3d 360, 376 (D.N.J. 2015) ("Lacking any detail as to what Plaintiffs purchased, the cost of those items, and the supposed value of what they received, the Amended Complaints do not sufficiently plead an ascertainable loss under the benefit-of-their-bargain theory.").

### G.      The Complaint does not Adequately Plead Causation.

Kelley contends causation was adequately pleaded because there are allegations that her loss was quantifiable in value, including the cost to repair, and because of the total inoperability of the telematics following the sunset. (Opp. 16.) Yet nowhere does Kelley (or any other Plaintiff) allege that she saw any representations about Car-Net before her purchase, and that she bought the car as a result. Without such allegations, she cannot show causation (or damages, for that matter).

Plaintiffs also contend that the materiality of the alleged omission gives rise to a presumption of causation. (Opp. 16.) Not so. *See Glass*, 2011 WL 6887721, at *13 ("Plaintiff's assertion that a claim under the NJCFA may stand without proof of causation, i.e., that causation can be presumed, is by and large incorrect."). The case Plaintiffs cite, *Varacallo v. Mass. Mut. Life Ins. Co.*, 752 A.2d 807 (N.J. App. Div.

2000) (Opp. 16), addressed the issue of class certification, not a dispositive motion, is factually distinguishable, and does not stand for the broad proposition for which it is proffered. *Varacallo* dealt with allegations that Mass Mutual withheld material information about the nature of promised dividends, and applying the "fraud on the market" type reasoning developed in securities fraud cases, the court mused that it was "inconceivable to us" that policyholders would have purchased the policy if they knew the projected dividends would be less than represented. *Id*. at 815–16. Among other differences, here, in contrast, there are no allegations that virtually every consumer would have declined to purchase a vehicle unless it had Car-Net, and it requires no stretch of the imagination to believe that many car owners would not find the unavailability of Car-Net services to be material to their purchase decisions.

## II.      THE NYGBL CLAIMS SHOULD BE DISMISSED.

Plaintiffs argue that they do not have to plead specific misrepresentations because their NYGBL claim relies on allegations of the omission of material information known only to VWGoA. (Opp. 17–18.) Again, this overlooks the claim and complaint they actually filed, which incorporates lengthy allegations about public information available about changing wireless technologies, and alleges both affirmative misrepresentations and omissions. As with the NJCFA claim, Plaintiffs' failure to specify the particular affirmative representations, and the lack of any

11

plausible pleading that VWGoA possessed the requisite "exclusive knowledge" of "material information," require dismissal. (Mem. 23–24 & n.14.)

Plaintiffs also fail adequately to plead causation, which, as the Second Circuit has explained, requires not only assertion of a price premium, but involves the "central question" of "whether the higher price can be attributed, in whole or in part," to the deceptive practice. *Eidelman v. Sun Prods. Corp.*, No. 21-1046-cv, 2022 WL 1929250, at *2 (2d Cir. June 6, 2022). As Plaintiffs admit, Car-Net and Audi connect were operable at the time these vehicles were sold as new cars, yet they do not allege they purchased the vehicles for this reason or used the available telematics services. There are no plausible allegations that VWGoA knew for certain at the time of sale that 3G would be sunsetted or when that would occur, or that Raposa and Raffo's vehicles (the latter purchased used) were worth less than what Plaintiffs actually paid because of the potential loss of Car-Net and Audi connect features at an indeterminate time in the future. Accordingly, Plaintiffs' Amended Complaint does nothing more than conclusorily allege that VWGoA engaged in deceptive practices, a theory of injury and causation not recognized under New York law. *See, e.g.*, *Servedio v. State Farm Ins. Co.*, 889 F. Supp. 2d 450, 452 (E.D.N.Y. 2012) ("[A] section 349 claim will not lie where the deceptive act itself was the only injury.").

## III.   THE KCPA CLAIM SHOULD BE DISMISSED.

Plaintiff Hornback acknowledges, but fails to address, her failure to plead the statutorily required element of a KCPA claim that the vehicle was purchased for personal, family or household use. (Opp. 19.) For this reason alone, the KCPA claim requires dismissal.

## IV.   THE WARRANTY CLAIMS SHOULD ALL BE DISMISSED.[9]

***Express Warranty.*** Plaintiffs again ignore their own complaint, conclusorily arguing that they have done enough despite the fact that their express warranty claim by description under New Jersey law fails to allege Kelley was aware of any specific representations or descriptions of her vehicle prior to purchase. (Opp. 20.) In their absence, the warranty claim as pled fails. (Mem. 28–29); *see also Hurst v. BMW of N. Am., LLC*, No. 22-cv-3928, 2023 WL 4760442, at *5 (D.N.J. July 26, 2023).

Hornback's claim under Kentucky law is based on the alleged breach of the express written warranty. She contends that a complaint is sufficient when there are allegations that "warranties were the basis of the bargain, that Hornback would not have bought the car had she known of the defect and that based on VW's representations she bought the car." (Opp. 19–20.) Even if true, no such allegations are contained in the Amended Complaint, requiring dismissal of this claim as well.

---

[9] Because all underlying state law warranty claims should be dismissed, so too should the individual MMWA claims.

(*See* Mem. 27–28.)[10]

***Implied Warranty.*** Rather than address the on-point New Jersey law instructing that a vehicle is merchantable if it fulfills its "general purpose" of "providing transportation" (Mem. 31–32), Plaintiffs rely on a California case applying a different standard than that used by New Jersey. (Opp. 22.) And while Plaintiffs cite New Jersey case law finding that an alleged defect that causes the vehicle to stop functioning or creates a safety hazard can render it unmerchantable, they once again ignore the fact that there are no such allegations in the Amended Complaint. (*See id.*) There is no dispute here that the putative class vehicles fulfill their general purpose of providing transportation even if they cannot connect to the internet via a 3G wireless network, and thus they are merchantable.

***The Complaint Only Alleges Design Defects.*** Here again Plaintiffs defend a pleading different from the one filed. Plaintiffs argue that the "common" defect was "alleged to be a manufacturing and/or a design defect," and cite cases for the purported proposition that just because all vehicles are alleged to have the same defect does not foreclose the possibility that the defect is one of manufacture and not design. (*Id.* at 20–22.) Even if a manufacturing defect were pled (and it was not), this misses the point. VWGoA's argument hinges on *this* Amended Complaint,

---

[10] Plaintiffs fail to address and thus concede the argument that allegations of unconscionability do not save their warranty claims. (Mem. 33–34.)

which alleges that the claimed "defect" was the result of an intentional choice in design – *i.e.*, to use hardware that could connect only to a 3G network. (Mem. 29–30.) This is an alleged design defect, not a manufacturing defect, and under New Jersey law, "a warranty that limits its coverage to defects in 'materials' and 'workmanship' does not, without more, apply to defects in 'design.'" *Coba v. Ford Motor Co.*, 932 F.3d 114, 123 (3d Cir. 2019); (Mem. 29-30 & n.18).

## V.     THE UNJUST ENRICHMENT CLAIM SHOULD BE DISMISSED.

Plaintiffs contend that VWGoA cannot have it both ways. (Opp. 23–24.) Yet the law permits exactly that. The pertinent question is not whether the plaintiff will ultimately prevail on the remedy at law, but whether the law affords a legal remedy in the first place. Here, it does. Even the case Plaintiffs cite resulted in the unjust enrichment claim being dismissed for this reason. *See Smith v. CitiMortgage, Inc.*, No. 15-cv-7629, 2015 WL 12734793, at *8 (D.N.J. Dec. 22, 2015). Accordingly, the unjust enrichment claim cannot be maintained and should be dismissed with prejudice, as no amendment would cure these deficiencies.

Dated: August 14, 2023                 Respectfully submitted,

                                       /s/ Tiffany M. Alexander
                                       Tiffany M. Alexander
                                       NJ Bar No. 000692002
                                       NELSON MULLINS RILEY &
                                       SCARBOROUGH LLP
                                       1235 Westlakes Drive, Suite 215
                                       Berwyn, PA 19312
                                       Tel.: 610-943-5351
                                       tiffany.alexander@nelsonmullins.com

                                       Terri S. Reiskin (*pro hac vice*)
                                       NELSON MULLINS RILEY &
                                       SCARBOROUGH LLP
                                       101 Constitution Ave. NW, Suite 900
                                       Washington, D.C., 20001
                                       Tel.: 202-689-2800
                                       terri.reiskin@nelsonmullins.com

                                       *Counsel for Defendant Volkswagen Group of America, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of August, 2023, the foregoing Reply

was filed via ECF and thereby served on all counsel of record.

*/s/ Tiffany M. Alexander*